UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOHAANESS VUAAI EL,

          Plaintiff,                          Case  No. 08-14190

vs.                                    John Feikens
                                        United States District Judge

MORTGAGE ELECTRONIC
REGISTRY SYSTEM,                  Michael Hluchaniuk
                                        United States Magistrate Judge

          Defendant.
_____/

**REPORT AND RECOMMENDATION
DEFENDANT'S MOTION TO DISMISS
OR FOR SUMMARY JUDGMENT (Dkt. 5)**

## I.    PROCEDURAL HISTORY

The present complaint was filed on September 30, 2008 by Yohaaness

Vuaai El.  (Dkt. 1).  On October 21, 2008, District Judge John Feikens referred

this matter to the undersigned for all pretrial proceedings.  (Dkt. 2).  Plaintiff filed

a complaint addendum on November 3, 2008 alleging additional claims under 42

U.S.C. § 1983[1] and 15 U.S.C. § 1692g of the Fair Debt Collections Practices Act.

_____

[1] This Report and Recommendation contains hyperlinks to statutory and
case law references, for the ease of the parties and others viewing this document
electronically.  This is not intended to be an endorsement of any product, service,
or company.

(Dkt. 3).  In lieu of filing an answer to the complaint, defendant filed a motion to dismiss or, alternatively, a motion for summary judgment against plaintiff.  (Dkt. 5).

On December 3, 2008, the Court ordered defendant to file a supplemental brief addressing the additional claims filed in plaintiff's complaint addendum and provided plaintiff with an opportunity to file a brief in response.  (Dkt. 6). Plaintiff filed a response to defendant's motion to dismiss on December 5, 2008, before defendant filed a supplemental brief as ordered.  (Dkt. 9).  Defendant filed a supplemental brief addressing the additional claims in plaintiff's complaint addendum on December 17, 2008.  (Dkt. 12).  Plaintiff filed a complaint annex on December 18, 2008, which amounted to a replication of the original complaint and complaint addendum combined.  (Dkt. 13).  On January 5, 2009, plaintiff filed a reply to defendant's supplemental brief in support of defendant's motion to dismiss.  (Dkt. 14).  Defendant filed a reply in support of its motion to dismiss on January 12, 2009.  (Dkt. 15).

This matter is now ready for report and recommendation.  For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** for lack of subject-matter jurisdiction, or, alternatively, defendant's motion to dismiss be **GRANTED** in part, defendant's motion for summary

Report and Recommendation
Motion to Dismiss/Summary Judgment
*Vuaii-El v. MERS*; 08-14190

judgment be **GRANTED** in part, and plaintiff's complaint be **DISMISSED** with prejudice.

## II.     STATEMENT OF FACTS

### A.     Plaintiff's Complaint and Complaint Addendum

Plaintiff alleges violations of 18 U.S.C. §§ 241-42, conspiracy against rights and deprivation of rights under color of law.  (Dkt. 1, ¶ 3).  Plaintiff further alleges he was deprived of his "homestead" after several police and court officers arrested him.  In light of these actions, plaintiff fears future assault-like attacks.  (Dkt. 1, ¶ 4).

In plaintiff's complaint addendum, plaintiff alleges a deprivation of civil rights and a violation of the Fair Debt Collections Practices Act (FDCPA).  (Dkt. 3, ¶ 3).  Plaintiff alleges that four law enforcement officials, who failed to identify themselves, approached plaintiff's homestead on July 2, 2008 to evict plaintiff from the property.  (Dkt. 3, ¶ 4).  Plaintiff asserts that he opened the door to the home under threat, duress, and coercion, and was subsequently placed under arrest.  *Id.*

Next, plaintiff alleges that on September 9, 2008, he received notice of a hearing scheduled for the morning of that same day; therefore, plaintiff missed the hearing.  *Id.*  Plaintiff alleges he received an eviction noticed dated September 12,

Report and Recommendation
Motion to Dismiss/Summary Judgment
*Vuaii-El v. MERS*; 08-14190

2008, signed by defendant's attorney, but not signed by the district judge. *Id.*
Plaintiff was displaced from his home on October 2, 2008 and again on October 7,
2008, and received various threats during the course of these evictions. *Id.*

Finally, plaintiff alleges possession of a UCC financing statement,
possessory lien, land patent, and declaration of homestead exempt from levy, all of
which are in relation to the property in question. *Id.* According to plaintiff, he has
a valid property interest based on these documents, but offers no authority to
support this claim. *Id.*

B.    Defendant MERS Motion to Dismiss or for Summary Judgment

According to defendant, on November 2, 2006, the property in question was
transferred by warranty deed to Gerald Geter and Geter executed a $72,000
mortgage to America's Wholesale Lender, who subsequently named defendant as
nominee for the lender. (Dkt. 5, p. 8, Exs. 3-4). Upon Geter's default of his
repayment obligation under the mortgage, the property was foreclosed by
advertisement and sold to defendant at a sheriff's sale on September 5, 2007.
(Dkt. 5, p. 8, Ex. 5). After Geter failed to properly exercise a six-month
redemption period option, defendant filed summary eviction proceedings to gain
possession of the property. (Dkt. 5, p. 8). On April 7, 2008, Geter entered into a
consent judgment in state court, giving defendant possession of the property,

which, according to defendant, extinguished any remaining property interest Geter may have had.  (Dkt. 5, p. 8, Ex. 6).  Defendant asserts that a series of attempts to evict and secure the property were conducted beginning on or around May 23, 2008, only to discover that plaintiff had re-occupied the property.[2]  (Dkt. 5, p. 8-9).

Defendant's motion to dismiss is premised on the notion that plaintiff's complaint and complaint addendum lack any identifiable cause of action.  (Dkt. 5, p. 11).  Without expanding on this argument and offering any supporting authority, defendant simply requests this Court to dismiss plaintiff's complaint. *Id.*

In the alternative, defendant argues that there is no genuine issue of material fact as to the existence of an essential element of the case: rightful possession of the property.  (Dkt. 5, p. 11).  Defendant asserts that the right of possession of the property vested in defendant when the previous title owner, Geter, agreed to the consent judgment, which, according to defendant, eliminates the possibility of a genuine issue as to a material fact.  (Dkt. 5, p. 11, Ex. 6).  Additionally, a search of the Wayne County Register of Deeds shows no transfer from Geter to plaintiff, or

---

[2] Although it is not clear, the Court assumes, based on the documents submitted by the parties, that it was plaintiff who was originally evicted from the property and who allegedly regained possession of the property following the series of eviction attempts.

Report and Recommendation
Motion to Dismiss/Summary Judgment
*Vuaii-El v. MERS*; 08-14190

any other person after November 2, 2006, the date in which Geter rightfully purchased the home. (Dkt. 5, Ex. 8). Therefore, defendant argues that foreclosure vested valid title in defendant and that the consent judgment entitled defendant to enforce the judgment through eviction proceedings. (Dkt. 5, p. 11).

Finally, defendant argues that plaintiff's documents purporting to establish a valid interest in the property were executed after the consent judgment[3] was entered in state court, and are, therefore, void. (Dkt. 5, pp. 11-12). According to defendant, the documents fail to convey any type of marketable title to the property; however, no authority is proffered to support this argument.

C.     Defendant's Supplemental Brief in Support of Motion to Dismiss or for Summary Judgment.

Defendant argues that plaintiff's complaint is a challenge to the validity of the foreclosure proceedings and subsequent consent judgment; accordingly, plaintiff lacks standing to sue. (Dkt. 12, p. 4). Although it is not clear what claims defendant refers to when arguing plaintiff's lack of standing, defendant nevertheless argues proper standing in an action requires "legal or equitable right, title or interest in the subject matter of the controversy." (Dkt. 12, citing, *MOSES,*

---

[3] The consent judgment was entered April 7, 2008. (Dkt. 5, Ex. 6). The documents provided by plaintiff purporting to identify a valid interest in the property are dated June 23, 2008 or later. (Dkt. 3, Exs. C-D, F).

*Inc. v. SEMCOG*, 270 Mich. App. 401, 414, 716 N.W.2d 278 (2006)).  According

to defendant, because the statutory six-month redemption period from the

foreclosure sale had expired, Geter no longer had any valid interest in the property

and, therefore, could not transfer any interest to plaintiff.  *Id.*  Moreover, defendant

argues that plaintiff does not appear in the record chain of title and the documents

attached to the complaint addendum are dated after the redemption period expired;

therefore, according to defendant, plaintiff does not have a legally vested interest

in the property.  *Id.*

Defendant also asserts that plaintiff's claims are barred by the *Rooker-*

*Feldman* doctrine, which prohibits appellate review of state court judgments by

federal district courts, because the claims challenge the foreclosure proceedings.

*Id.*  According to defendant, "the Court does not have subject matter jurisdiction

and plaintiff's claims should be dismissed."  *Id.* at 5.  Next, defendant argues that

plaintiff's claims under 18 U.S.C. §§ 241-42 must be dismissed because the

statutes "are part of the criminal code and civil relief is not afforded by them."

(Dkt. 12, p. 5, citing *Watson v. Devlin*, 167 F.Supp. 638, 640 (E.D. Mich. 1958)).

Defendant also asserts that plaintiff's claim under 42 U.S.C. § 1983 must be

dismissed because plaintiff failed to allege a deprivation of a right protected by the

Constitution or federal statute, an act by defendant that deprived plaintiff of the

protected right, and an act that deprived plaintiff of the protected right was committed under color of state law.  (Dkt. 12, p. 6).  Additionally, foreclosure by advertisement is not state action; alternatively, plaintiff was not deprived of a protected right because plaintiff had no right or interest in the property.  (Dkt. 12, pp. 6-7).

Finally, defendant argues that plaintiff's claims under the FDCPA must be dismissed because the FDCPA is limited to claims between "consumers" and "debt collectors."  (Dkt. 12, p. 7).  Under the FDCPA, a consumer is a person who is obligated to pay any debt, and according to defendant, plaintiff failed to allege that he was obligated to pay the debt on the property in question; therefore, he is not a consumer and may not bring the claim under the FDCPA.  *Id.*  Additionally, plaintiff failed to allege that defendant is a "debt collector" as defined by the FDCPA, and, therefore, defendant is not liable.  (Dkt. 12, p. 7, citing, 15 U.S.C. §1692a(6)).  Moreover, defendant argues that even if plaintiff were a consumer and defendant were a debt collector, plaintiff's FDCPA claim must be dismissed because plaintiff failed to allege any event that would trigger the application of the FDCPA; mainly: 1) that defendant was attempting to collect a debt; 2) that defendant sent plaintiff written notification of the debt; or 3) that plaintiff notified

Report and Recommendation
Motion to Dismiss/Summary Judgment
*Vuaii-El v. MERS*; 08-14190

defendant within 30 days of receiving notification of the debt that plaintiff disputed the debt.  (Dkt. 12, pp. 8-9).

D.     Plaintiff's Response

According to plaintiff, defendant's assertion that plaintiff lacks standing must fail because the documents in plaintiff's possession (i.e., land patent, declaration of homestead exempt from levy, etc.) establish a superior claim over all security interests in the property.  (Dkt. 14).  Moreover, plaintiff argues that the foreclosure proceedings against Geter were void because they were brought in an improper venue.  *Id.*  Plaintiff also argues that any subsequent proceedings on a void judgment amount to unlawful action, and when a defendant participates in unlawful action, standing is appropriate and valid.  *Id.*  Plaintiff argues that the action against Geter was brought in an improper venue; therefore, according to plaintiff, the judgment is void and the *Rooker-Feldman* doctrine is inapplicable. *Id.*

Next, plaintiff argues that defendant incorrectly suggests that 18 U.S.C. §§ 241-42 do not apply.  *Id.*  Rather, according to plaintiff, the criminal statutes apply to corporations that violate the statute and plaintiff has chosen to pursue them civilly rather than criminally.  Moreover, plaintiff asserts that defendant's

argument that the statute does not apply is merely another attempt to deprive

plaintiff of his rights.  *Id.*

Finally, plaintiff claims that while he was aware of the provisions listed in

the FDCPA, he was never provided with a fair opportunity to challenge the debt;

therefore, he was forced to file a civil suit in order to validate the alleged debt.

E.    Defendant's Reply

Defendant argues that plaintiff failed to cite any authority that would allow

plaintiff to "validate the debt of another person" under the FDCPA.  (Dkt. 15, p.

3).  Additionally, defendant argues that, pursuant to M.C.L. 600.5704, the 36th

District Court in Wayne County was the proper venue to hold summary

proceedings to recover possession of land.  According to defendant, because the

venue was proper, the consent judgment is valid, and the *Rooker-Feldman*

doctrine applies.

III.    DISCUSSION

A.    Standard of Review

1.    Motion to dismiss and Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first

comply with Rule 8(a)(2), which requires "'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting, *Twombly*, 127 S.Ct. at 1964-65 (citations and quotation marks omitted).

While a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*, quoting, *Twombly*, 127 S.Ct. at 1965 (internal citation and quotation marks omitted); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

*Twombly* also referred to "plausibility" as the measure of pleading sufficiency, stating that allegations must "nudge[ ] ... claims across the line from

conceivable to plausible" to survive a motion to dismiss, but cautioned that it was not adopting or applying a "heightened pleading standard." *Id*. at 1974. As one district court recently observed, the "plausibility" standard has caused some confusion and uncertainty in the federal courts. *Interspan Distribution Corp. v. Liberty Ins. Underwriters, Inc.*, 2008 WL 905354, *8 (S.D. Tex. 2008). The Third Circuit concluded that it is related to the requirement of a Rule 8 "showing," which only requires notice of a claim and its grounds, as opposed to a pleader's bare averment that he desires and is entitled to relief. *Interspan*, at *8, citing, *Phillips v. Allegheny Co.*, 515 F.3d 224, 234 (3d Cir. 2008) (internal citations and quotation marks omitted). "The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element[]." *Phillips*, 515 F.3d 224 at 234. The Second Circuit has summarized *Twombly* as endorsing "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Interspan*, at *8, quoting, *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007).

The Sixth Circuit recently recognized that in *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197 (2007), "a case decided just two weeks after *Twombly*, the

Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983

claim against his captor is not required to state [s]pecific facts in their complaint;

and *Twombly* itself suggests that its holding may be limited to cases likely to

produce sprawling, costly, and hugely time-consuming litigation." *U.S. v. Ford*

*Motor Co.*, 532 F.3d 496, 503 n. 6 (6th Cir. 2008) (internal citations and quotation

marks omitted), citing, *Iqbal*, 490 F.3d at 157-158. The Sixth Circuit applied a

more stringent pleading standard in *U.S. v. Ford* because a fraud claim was

involved, which requires the application of the heightened pleading standard set

forth in Rule 9(b), rather than the more liberal pleading standard found in Rule

8(a)(2). Such is not the case here. Thus, when applying *Twombly*, the Court must

still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 *U.S.*

519 (1972), and accept plaintiff's allegations as true, unless they are clearly

irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992);

*Erickson v. Pardus*, 127 S.Ct. at 2200 (The Court of Appeals improperly departed

"from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to

"liberally construe" the *pro se* complaint at issue.).

      2.    Summary Judgment

Rule 12(d) provides that, if the moving party presents and the Court relies

on matters *outside* the pleadings, "the motion [under Rule 12(b)(6)] must be

treated as one for summary judgment and disposed of as provided in Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P.12(d). Thus, the plain language of the rule requires that if the motion relies on outside materials that the Court considers, then the motion "must" be converted into a motion for summary judgment pursuant to Rule 56. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). With respect to plaintiff's claims under 42 U.S.C. § 1983 - violation of civil rights under color of law - and 15 U.S.C. § 1692g - FDCPA - the parties submitted, and the undersigned has considered, evidence that is outside the pleadings. Thus, in this respect, the Court will treat defendants' motion as one for summary judgment under Rule 56, rather than a motion to dismiss under Rule 12(b)(6).

Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the evidence and all reasonable inferences must be construed in favor of the nonmoving party. *Tanner v. County of Lenawee*, 452 F.3d 472, 477 (6th Cir. 2006). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for [his] motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

       3.     Subject-Matter Jurisdiction and Standing

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Further, a district court may "resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction." *Id.* Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Ritchie*, 15 F.3d at 598. In matters regarding subject matter jurisdiction, the court may look to evidence outside the pleadings. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

The Sixth Circuit adheres to the standard of review for Rule 12(b)(1)

motions explained in *Mortensen v. First Federal Savings and Loan Ass'n*, 549

*F.2d 884, 890 (3d Cir. 1977)*:

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. The decision disposing the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations he or she would be unable to prevail. In the interests of judicial economy it is not improper to dispose of the claim at that stage....
>
> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. **Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed**

> **material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the plaintiff will have the burden of proof that jurisdiction does in fact exist**.

*RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (emphasis added), quoting, *Mortensen*, 549 F.2d at 890-891.

"The irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, a plaintiff must show that he has suffered an "injury" in fact. *Id.* He must have suffered "a harm that is both 'concrete' and 'actual or imminent, not conjectural or hypothetical.'" *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000), quoting, *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Second, a plaintiff must establish a causal connection between the alleged injury and the conduct of which he complains. *Lujan*, 504 U.S. at 560. That is, the injury must be "fairly traceable" to the defendant's actions. *Id.* Third, a plaintiff must demonstrate that the injury is redressable in this action. *Vt. Agency*, 529 U.S. at 771.

B.    *Rooker-Feldman* Doctrine

Dismissal for lack of subject matter jurisdiction can and should be raised by the court *sua sponte*. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004), citing,

*Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884) (challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte*); Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

The *Rooker-Feldman*[4] doctrine prohibits federal courts, other than the United States Supreme Court, from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Executive Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (citations omitted). Recently, the Supreme Court explained that the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments ... and inviting district court review and rejection of those judgments." *Exxon Mobil Corp., v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

---

[4] The *Rooker-Feldman* doctrine is named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Report and Recommendation
Motion to Dismiss/Summary Judgment
*Vuaii-El v. MERS*; 08-14190

The *Rooker-Feldman* doctrine primarily bars claims that seek relief from injury caused by the state court judgment.  *Hamilton v. Herr*, 540 F.3d 367, 372 (6th Cir. 2008) (internal quotation marks and citations omitted).  While plaintiff was not a named party to the state court proceedings, the consent judgment, enforced through the writ of restitution, provided defendant with possession of the property against Geter *and all occupants*.  (Dkt. 12, Ex. E).  Plaintiff, an occupant by his own admission, see (Dkt. 3, p. 1), was, therefore, subject to the consent judgment and subsequent writ of restitution.[5]  Because "[a]ny party aggrieved by the determination or judgment of [a summary proceeding] may appeal to the circuit court of the same county," M.C.L. 600.5753, the undersigned is convinced that plaintiff would have had appellate standing to challenge the possession judgment entered against Geter and plaintiff in the 36th District Court on April 7, 2008.  Pursuant to Michigan Court Rule 4.201,[6] plaintiff had 10 days to file a

---

[5] M.C.L. 600.5714 provides that "a person entitled to premises may recover possession of the premises by summary proceedings . . . (f) [w]hen a person continues in possession of premises sold by virtue of a mortgage or execution, after the time limited by law for redemption of the premises."  Based on the information submitted by the parties, plaintiff continued in possession of the premises sold by execution of foreclosure by advertisement, and was, therefore, improperly in possession of the premises.

[6] M.C.R. 4.201 governs with respect to summary proceedings to recover possession of premises.  M.C.R. 4.201(N) provides the procedural requirements for appealing a possessory judgment.  In part, the appeal must comply with the

motion to set aside the judgment or an appeal, which was enumerated in the

possession judgment.  (Dkt. 12, Ex. E, ¶ 11).  In lieu of appealing the possession

judgment, plaintiff impermissibly filed the present action.  *See e.g.*, *Sewell v.
Clean Cut Mgmt., Inc.*, 463 Mich 569, 621 N.W.2d 222 (2001) (Consent judgment

in summary proceedings and writ of restitution allowing landlord to remove tenant

from premises barred tenant's claim for relief, based on allegations that she was

wrongfully evicted, where tenant's claim was actually litigated in summary

proceeding and she did not appeal consent judgment or writ.).

It is apparent that plaintiff's complaint seeks relief from an injury caused by

the state court judgment; in general, the foreclosure and subsequent eviction

proceedings.  This position is substantiated by plaintiff's statement in his

complaint that he "does not feel [he] can receive proper justice in the [state]

court."  Plaintiff is, therefore, complaining about the state court system and his

present action fits squarely within the narrow range of cases the *Rooker-Feldman*

doctrine seeks to prevent.

---

applicable court rules controlling the general appeal process (M.C.R. 7.101, 7.102,
7.103), be filed within 10 days after the entry of the judgment, and, if not waived,
be accompanied with the appropriate bond requirements.  M.C.R. 4.201(N)(1)-(4).

Based on the foregoing analysis, the undersigned concludes that the *Rooker-Feldman* doctrine prevents the exercise of subject matter jurisdiction by this Court.

C.    Plaintiff lacks standing to bring FDCPA claim

The FDCPA was enacted "'to eliminate abusive debt collection practices by debt collectors.'" *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 591 (6th Cir. 2009), quoting, 15 U.S.C. § 1692e.  The debt validation provision plaintiff relies on "[was] included by Congress to guarantee that consumers would receive adequate notice of their rights under law" regarding the outstanding debt.  *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).

Section 1692g(a) "requires debt collectors to issue a 'validation notice,' either in the initial communication with a *consumer* or within five days of that initial communication, that informs the consumer of certain rights including the right to make a written request for verification of the debt and to dispute the validity of the debt." *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007) (internal citations omitted) (emphasis added).  By definition, a consumer is "any natural person *obligated* or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added).

Standing in an action against a debt collector under § 1692g is limited to the consumer involved in the debt transaction.  *See e.g.*, *Montgomery v. Huntington*

*Bank*, 346 F.3d 693, 697 (6th Cir. 2003) (the provisions limited to consumers, as opposed to any person, restrict standing to consumers); *Wright v. Financial Serv.*, 22 F.2d 647, 649 n. 1 (6th Cir. 1994) (where the section forbids actions by creditors against consumers, enforcement of the violations is limited to consumers).  For example, in *Montgomery*, the plaintiff attempted to bring a claim under § 1692c[7] of the FDCPA.  The Sixth Circuit concluded that the plaintiff did not satisfy the definition of a consumer, and therefore lacked standing to bring the suit because nowhere in his complaint did he allege that he was obligated to pay the debt that the defendant sought to collect.  *Montgomery*, 346 F.3d at 697. Therefore, like § 1692c, standing in an action under § 1692g is limited to those who satisfy the definition of a consumer.

In the instant case, plaintiff contends that he was never provided with a fair opportunity to challenge the debt and merely desired the validation of the alleged debt.  (Dkt. 14, ¶ 3).  The parties disagree on whether plaintiff's documentation supports a viable claim of title to the property, but, for purposes of this motion, the

---

[7] "Without the prior consent of the *consumer* given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt." 15 U.S.C. § 1692c (emphasis added).

facts are uncontroverted.  Evidence submitted by defendant, including the

mortgage note, identifies Geter as the liable party under the mortgage.  (Dkt. 12,

Ex. C).  Plaintiff has not offered any evidence to contradict the fact that Geter was

the liable party under the mortgage, or to support the notion that plaintiff was

legally *obligated* to pay the mortgage debt.

Based on the foregoing analysis, the undersigned concludes that plaintiff

did not have an obligation to pay the debt; therefore, plaintiff is not a consumer

under the FDCPA and does not have standing to bring an action under 15 U.S.C.

§ 1692g.

D.      42 U.S.C. § 1983

_____As defendant correctly points out, "[t]o state claim for relief in action under

42 U.S.C. § 1983, plaintiff must establish that (1) he was deprived of right secured

by Constitution or laws of United States, and (2) the alleged deprivation was

committed under color of state law." *American Mfrs. Mut. Ins. Co. v Sullivan*, 526

U.S. 40, 49-50 (1999).  The state-action requirement of 42 U.S.C. § 1983 is

parallel to that found in the Fourteenth Amendment, and excludes "'merely private

conduct, no matter how discriminatory or wrongful.'"  *Id.* at 50, quoting, *Shelley v.

Kraemer*, 334 U.S. 1 (1948).  However, private conduct may rise to the level of

state action when "there is a sufficiently close nexus between the State and the

challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974).

The Sixth Circuit has examined the constitutionality of foreclosures by advertisement and determined that no state action exists despite the presence of a state law enforcement officer. *Northrip v. Fed. Nat'l Mortgage Ass'n*, 527 F.2d 23, 28-29 (6th Cir. 1975). In *Northrip*, the plaintiff sought injunctive relief to set aside the mortgage foreclosure proceedings on the grounds that the procedure deprived her of property without notice as required by the Fourteenth Amendment. *Id*. at 24. Although a sheriff conducted the foreclosure sale, the court recognized that Michigan law[8] permitted the parties to agree that another person will conduct the sale and the sheriff's presence was only incidental and not essential; therefore, the mortgagee was not a state actor. *Id*. at 29.

The undersigned concludes that plaintiff's § 1983 is without merit. It is clear that plaintiff's allegations stem from the foreclosure and subsequent summary proceedings. The Court is convinced that, following the principle set

---

[8] MCL § 600.3216 provides "[t]he sale shall be at public sale . . . , and shall be made by the person appointed for that purpose in the mortgage, or by the sheriff, undersheriff, or a deputy sheriff of the count . . ."

forth in *Northrip*, defendant did not act under color of state law in the execution of the foreclosure sale by advertisement despite the presence of a sheriff deputy.[9] Regarding the summary proceedings filed by defendant in state court, defendant is not alleged to be, nor does it appear to be, a party that acted under color of state law. Rather, defendant chose to pursue a private cause of action in the form of summary proceedings, from which plaintiff now claims redress. Filing a summary proceeding action is not, in and of itself, a state action. *Fallis v. Dunbar*, 532 F.2d 1061 (6th Cir. 1976). To the extent that another party acted under color of state law in the summary proceedings[10], none are included in the present action.

Based on the foregoing, the undersigned concludes that there is no genuine issue as to any material fact pursuant to plaintiff's § 1983 claim because plaintiff has failed to sufficiently demonstrate that defendant acted under the color of state law.

---

[9] Defendant attached a Sheriff's Deed on Mortgage Foreclosure document indicating that the Wayne County Deputy Sheriff conducted the sale. (Dkt. 12, Ex. D).

[10] M.C.L. 600.5744 permits a district court to issue a writ of restitution commanding a sheriff or other authorized personnel to provide the rightful possessor with full possession of the premises.

E.    Plaintiff Fails to State a Claim Under 18 U.S.C. §§ 241-42

Plaintiff alleges two claims based on Title 18 of the United States Code.

Section 241 provides in part:

> If two or more persons conspire to injure . . . any person in
> any State . . . , in the free exercise or enjoyment of any
> right or privilege secured to him by the Constitution or
> laws of the United States, . . . [t]hey shall be fined under
> this title or imprisoned not more than ten years, or both.

18 U.S.C. § 241.  Similarly, § 242 provides in part:

> Whoever, under color of any law . . . , willfully subjects
> any person in any State . . . to the deprivation of any rights,
> privileges, or immunities secured or protected by the
> Constitution or laws of the United States . . . on account of
> such person being an alien, or by reason of his color, or
> race . . . , shall be fined under this title or imprisoned not
> more than one year, or both.

18 U.S.C. § 242.

Both statutes are part of the criminal code.  The law is conclusively settled

that a court may not assume jurisdiction for a civil action under either statute as no

private cause of actions exists.  *Watson v. Devlin*, 167 F. Supp. 638, 640 (E.D.

Mich. 1958) (no private cause of action exists under 18 U.S.C. § 241); *Willing v.

Lake Orion Community Schools Bd. of Trustees*, 924 F.Supp. 815, 818 (E.D. Mich.

1996); *Moore v. Potter*, 2002 WL 31096673 *2, citing, *Robinson v. Overseas*

*Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (no civil liability exists

pursuant to 18 U.S.C. § 242).

Plaintiff sites no authority suggesting that either statute provides a private

party with a civil action.  Rather, plaintiff states he is pursuing the alleged

violations civilly rather than criminally.  (Dkt. 14).  Because the law is well-

established without exception to the contrary, the Court concludes that there is no

private cause of action under 18 U.S.C. §§ 241-42, and plaintiff has failed to state

a claim on which relief may be granted.

F.    Plaintiff's documents

As a general matter, the undersigned concludes that none of the documents[11]

plaintiff submitted to the Court give plaintiff proper standing in this action.  The

genuineness and authenticity of many of the documents are called into serious

question by the Court.  Even if the documents are legitimate, however, they do not

relate to the mortgage debt and plaintiff, therefore, still lacks proper standing.

---

[11] Despite the well-intentioned purpose of plaintiff, the Moorish-American Treaty of Peace and Friendship, declaration of land patent, declaration of homestead exempt from levy, and problematic UCC financing statements attached as exhibits by plaintiff all fall short of holding any legal authority.  For the purposes of this action, the Court has ignored many of the documents and has treated them as either irrelevant or disingenuous.

## IV.   RECOMMENDATION

Based on the foregoing analysis, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  Alternatively, the undersigned **RECOMMENDS**:

1.   Defendant's motion to dismiss be **GRANTED** pursuant to Rule 12(b)(6) with respect to plaintiff's claims under 18 U.S.C. §§ 241-42;

2.   Defendant's motion to dismiss be **GRANTED** pursuant to Rule 12(b)(1) with respect to plaintiff's claims under 15 U.S.C. § 1692g; or in the alternative, defendant's motion for summary judgment be **GRANTED** with respect to plaintiff's claims under 15 U.S.C. § 1692g;

3.   Defendant's motion for summary judgment be **GRANTED** with respect to plaintiff's claim under 42 U.S.C. § 1983; and

4.   Plaintiff's claims be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v.*

*Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 30, 2009          s/Michael Hluchaniuk
                                       Michael Hluchaniuk
                                       United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I certify that on July 30, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Michelle T. Thomas, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: Yohaaness Vuaai El, P.O. Box 04394, Detroit, MI 48204.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov